UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY YANCEY,

Plaintiff,

Case No.13-11162

vs.

HON. GERSHWIN A. DRAIN

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

_________________________/

**ORDER ACCEPTING REPORT AND RECOMMENDATION (#16), OVERRULING PLAINTIFF'S OBJECTIONS (#17), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#15), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#12), AND DISMISSING PLAINTIFF'S CLAIMS**

## I. INTRODUCTION

This matter is before the Court on the parties' Cross-Motions for Summary Judgment as to Plaintiff Tracey Yancey's claim for judicial review of Defendant Commissioner of Social Security's denial of her application for disability insurance benefits. The matter was referred to Magistrate Judge Charles E. Binder, who issued a Report and Recommendation ("R&R") on January 30, 2014 recommending that Plaintiff's Motion for Summary Judgment [#12] be DENIED, Defendant's Motion for Summary Judgment [#15] be GRANTED, and the

Commissioner's findings and conclusions be AFFIRMED. Plaintiff filed a letter on February 13, 2014 that the Court construes as her objection to the R&R. For the reasons that follow, the Court ACCEPTS Magistrate Judge Binder's R&R [#16].

## II. PROCEDURAL AND FACTUAL HISTORY

Plaintiff filed a claim for Supplemental Security Income ("SSI") benefits on August 24, 2010. (Tr. 111). After her claim was denied, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On July 26, 2011, the ALJ held a hearing on Plaintiff's claim. On August 10, 2011, the ALJ issued a decision denying Plaintiff's claim.

The Appeals Council of the Social Security Administration denied Plaintiff's request for review of the ALJ's decision on January 15, 2013, "at which point the ALJ's decision became the final decision of the Commissioner of Social Security." *Wilson v. Comm'r or Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citation omitted). Plaintiff initiated this civil action with the Court on March 15, 2013 for a review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## III. LAW & ANALYSIS

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [an] objection is made." 28 U.S.C. § 636(b)(1)(C) (2012). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive

if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Sec'y of Health and Human Servs*., 815 F. 2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Upon review of the administrative record, the parties' briefings, the R&R, and Plaintiff's Objections, the Court finds that the magistrate judge reached the correct conclusion and substantial evidence supported the ALJ's decision.

Plaintiff objects to the magistrate judge's R&R because she has been diagnosed with Asthma, chronic obstructive pulmonary disease commonly known as COPD, muscle problems and insomnia. (Pl.'s Obj. at 1). Plaintiff also argues that she is receiving disability benefits from the state of Michigan as well. *Id*.

The magistrate judge's R&R revealed that Plaintiff saw a physician for her reported illnesses. (R&R at 8). The ALJ presented a vocational expert ("VE") with a hypothetical question concerning the residual functional capacity of someone with Plaintiff's ailments. The VE opined that someone with Plaintiff's ailments could perform many forms of sedentary work. *Id*. at 10. The ALJ correctly determined Plaintiff could perform a wide range of light work. *Id*. Plaintiff did complain about her ailments, but the consulting physician who examined her found she had "5/5 power in all limbs", a normal gait, and normal muscle tone and bulk in her lower extremities. Furthermore, the magistrate judge noted that Plaintiff's modest treatment without hospitalization did not support a finding of disability. *See Helm v. Comm'r of Soc. Sec*., 405 F. App'x 997, 1001 (6th Cir. 2011); *Myatt v. Comm'r of Soc. Sec*., 251 F. App'x 332, 334-35 (6th

Cir. 2007). Therefore, Plaintiff's objection fails to show the ALJ's finding is not supported by substantial evidence.

Plaintiff mentions her receipt of state disability benefits in her Objection. Plaintiff received these benefits two years after the ALJ's decision. The Commissioner could not consider this information to decide the claim currently before Court, but Plaintiff can file a new claim with the Commissioner for disability covering time period starting when she received state benefits. *See Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 478 (6th Cir. 2003).

## IV. CONCLUSION

Accordingly, Plaintiff's Objections [#17] are OVERRULED. Consistent with the analysis herein, the Court hereby ACCEPTS Magistrate Charles E. Binder's January 30, 2014 Report and Recommendation [#16], GRANTS Defendant Commissioner's Motion for Summary Judgment [#15], DENIES Plaintiff Tracey Yancey's Motion for Summary Judgment [#12], and DISMISSES Plaintiff's Complaint with prejudice.

SO ORDERED.

Dated: February 25, 2014

S/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 25, 2014, by electronic and/or ordinary mail.
S/Tanya Bankston
Deputy Clerk